United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Shani Strothers  
    Debtor

Case No. 17-14384-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 1    Date Rcvd: Feb 05, 2018  
                     Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2018.  
db        +Shani Strothers,   351 Bala Avenue,   Bala Cynwyd, PA 19004-2736

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2018                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2018 at the address(es) listed below:  
        KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank National Association, as Trustee for  
         LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-7N KMcDonald@blankrome.com  
        KEVIN M. BUTTERY    on behalf of Creditor    Lehman XS Trust Mortgage bkyefile@rasflaw.com  
        KEVIN M. BUTTERY    on behalf of Creditor    LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES,  
         SERIES 2007-7N, U.S. Bank National Association, as Trustee bkyefile@rasflaw.com  
        MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank National Association, as Trustee for  
         LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-7N, bkgroup@kmllawgroup.com  
        MICHAEL ADAM COHEN    on behalf of Debtor Shani   Strothers mcohen1@temple.edu  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Shani Strothers aka Shani Asantewaa Strothers-Thompson<br>Debtor | CHAPTER 13 |
| U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-7N<br>Movant<br>vs.<br>Shani Strothers aka Shani Asantewaa Strothers-Thompson<br>Debtor<br>William C. Miller, Esq.<br>Trustee | NO. 17-14384 MDC<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$27,590.90**, which breaks down as follows:

Post-Petition Payments:     $4,388.46 for the month of July 2017; $4,401.46 for the month of August 2017; $4,417.26 for the month of September 2017; $4,434.51 for the month of October 2017; $4,450.59 for the month of November 2017; and $4,467.52 for the month of December 2017

Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears**      $27,590.90

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file an Amended Chapter 13 Plan that provides for payment of the post-petition arrears of **$27,590.90** through the Plan, plus the pre-petition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$27,590.90** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $4,467.52 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 28, 2017

By: /s/ Kevin G. McDonald
Kevin G. McDonald, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 12/29/17

Michael Adam Cohen, Esquire
Attorney for Debtor

Date: 1/11/18

William C. Miller
Chapter 13 Trustee        No objection

*without prejudice to any trustee rights or remedies

Approved and SO ORDERED by the Court this 5th day of February, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman